# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JULIAN H. VENABLE, SR.,** ) | |
|     **Plaintiff,** ) | **Civil Action No. 7:19cv00606** |
| ) | |
| **v.** ) | **MEMORANDUM OPINION** |
| ) | |
| **A. BUCKLEN,** ) | **By: Michael F. Urbanski** |
|     **Defendant.** ) | **Chief United States District Judge** |

Plaintiff Julian H. Venable, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Nurse A. Bucklen. Having reviewed Venable's complaint, the court concludes that Venable fails to state a cognizable federal claim against Nurse Bucklen and, therefore, will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

**I.**

Venable alleges that due to "medical neglect" and inadequate medical attention, he put on thirty to forty pounds, his blood pressure increased, and he is now on chronic care and taking hydrochlorothiazide.[1] Venable states that because of his "severe" hallux valgus[2] and the "excruciating" pain it causes, he cannot "keep a normal exercise regimen." By order entered July 27, 2020, the court conditionally filed the complaint, advised Venable that the complaint failed to state a claim against the named defendant because it failed to allege any facts against or conduct committed by Nurse Bucklen, and gave Venable the opportunity to file an amended complaint.[3] See ECF No. 17. Venable did not file an amended complaint.

---

[1] Hydrochlorothiazide is also known as HCTZ and is a water pill that helps prevent a person's body from absorbing too much salt, which can cause fluid retention. HCTZ, https://www.drugs.com/hctz.html (last visited Aug. 19, 2020).

[2] Hallux valgus is a common foot deformity. Hallux Valgus, https://www.physio-pedia.com/Hallux_Valgus (last visited Aug. 19, 2020).

[3] The court notes that on August 5, 2020, the court received a notice of change of address for Venable and the court resent the conditional filing order to Venable at that new address. See ECF No. 18.

**II.**

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Venable's complaint fails to allege any facts against or conduct committed by Nurse Bucklen and nothing in Venable's complaint suggests that Nurse Bucklen was deliberately indifferent to Venable's medical needs. See Farmer v. Brennan, 511 U.S. 825, 837 (U.S. 1994) (A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety.") Therefore, the court concludes that Venable has failed to state a cognizable Eighth Amendment claim against Nurse Bucklen.

**III.**

For the reasons discussed, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**ENTER**: This 24th day of August, 2020.

Michael F. Urbanski
Chief U.S. District Judge
2020.08.24 18:53:15 -04'00'

Michael F. Urbanski
Chief United States District Judge